Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000306
29-FEB-2012
07:58 AM

NO. CAAP-11-0000306

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
OTTAVIA A. ZEFFILINI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(Case No. 3P710-1722)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Ottavia A. Zeffilini (Zeffilini) appeals from the Notice of Entry of Judgment and Order (Judgment), entered on March 3, 2011, in the District Court of the Third Circuit, North and South Kona Division (district court).[1] After a bench trial, the district court convicted Zeffilini of Theft in the Fourth Degree (Theft 4), in violation of Hawai'i Revised Statutes (HRS) § 708-833(1) (1993),[2] and sentenced her to spend fifteen days in jail and pay a $500 fine.

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

[2] HRS § 708-833(1) provides, "A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $100." Theft 4 is a petty misdemeanor. HRS § 708-833(2).

On appeal, Zeffilini argues that the district court erred in convicting her because there was insufficient evidence to prove beyond a reasonable doubt that she possessed the requisite intent.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Zeffilini's point of error as follows:

The district court did not err in convicting Zeffilini where there was substantial evidence to support her conviction. HRS §§ 708-833(1), 708-830(8)(a) (Supp. 2011) (defining "theft" and "shoplifting"), & 708-800 (1993) (defining "intent to defraud"). Cathy Westwood's (Westwood) testimony constituted substantial evidence in support of the State's contention that Zeffilini knowingly or intentionally took the clip-ons from the KTA store without permission and without paying for them. Although Zeffilini testified that she mistakenly put the clip-ons in her purse, did not exit the store, and did not mean to steal the clip-ons, the district court's findings reflect that it found Westwood's testimony of events more credible than Zeffilini's. See State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (citation and brackets omitted) ("[P]roof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient" to prove the requisite state of mind in criminal cases); State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996) (stating that the testimony of a single percipient witness may constitute substantial evidence to support a conviction); State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citation, internal quotation marks, and brackets omitted) ("It is well-settled that an appellate court will not pass upon issues

dependant upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact.").

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and Order, entered on March 3, 2011 in the District Court of the Third Circuit, North and South Kona Division is affirmed.

DATED:  Honolulu, Hawai'i, February 29, 2012.

On the briefs:

Jason Z. Say,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge